## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELRICK PAUL FORET, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO.  13-5690** |
| **N. BURL CAIN, WARDEN** | **SECTION "B"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.     STATE COURT PROCEDURAL BACKGROUND

The petitioner, Elrick Paul Foret, Sr., is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  Foret was charged on July 22, 2003, in Terrebonne Parish by an amended bill of information with molestation of a juvenile in violation of La. Rev. Stat. § 14:81.2; sexual battery in violation of La. Rev. Stat. § 14:43.1; and simple rape in violation of La. Rev. Stat. § 14:43A(2).[3]  On June 21, 2005, Foret pleaded guilty to sexual battery and was sentenced on that same date to nine (9) years in prison without benefit of parole, probation or suspension of sentence, to be served consecutively to his then current sentence.[4]  On February 1, 2006, Foret was adjudicated a fourth felony offender and sentenced to life in prison.[5]  On February 15, 2006, Foret's counsel filed a motion to reconsider sentence.[6]  On March 22, 2006, the trial court denied Foret's motion for reconsideration.[7]

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 3, p. 2. In the original indictment issued on June 25, 2003, Foret was charged with indecent behavior with a juvenile in violation of La. Rev. Stat. § 14:81, rather than molestation of a juvenile. St. Rec. Vol. 1 of 3, p. 4.

[4]St. Rec. Vol. 1 of 3, pp. 195-212.  On April 11, 2005, Foret had pleaded guilty to battery on a correctional officer and was sentenced to one (1) year in prison. St. Rec. Vol. 2 of 3, pp. 36-42.

[5]St. Rec. Vol. 2 of 3, pp. 45-52.

[6]St. Rec. Vol. 2 of 3, pp. 58-59.

[7]St. Rec. Vol. 2 of 3, pp. 119-29.

On direct appeal to the Louisiana First Circuit Court of Appeal, Foret's appointed counsel asserted the following arguments: (1) The multiple offender proceeding resulting in the life sentence should be vacated because Foret was charged by bill of information rather than by grand jury indictment. (2) The multiple offender proceeding was unconstitutional because the fourth predicate offense was obtained through a guilty plea that was not knowingly and intelligently given.[8]  On May 4, 2007, the Louisiana First Circuit affirmed Foret's conviction, habitual offender adjudication and sentence.[9]   On March 28, 2008, the Louisiana Supreme Court denied Foret's writ application without opinion.[10]

Foret's conviction became final 90 days later, on June 26, 2008, when he did not file a writ application with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (citing 28 U.S.C. § 2244(d)(1)(A); Flanagan v. Johnson, 154 F.3d 196, 200-01 (5th Cir. 1998)).  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (citing 28 U.S.C. § 2244(d)(1)(A)); U.S. Sup. Ct. R. 13(1).

---

[8]St. Rec. Vol. 2 of 3, pp. 188-201.

[9]State v. Foret, 956 So.2d 852 (Table), No. 2007-KA-0001 (La. App. 1st Cir. 2007); St. Rec. Vol. 2 of 3, pp. 177-81.

[10]State ex rel. Foret v. State, 978 So.2d 300 (La. 2008); St. Rec. Vol. 2 of 3, p. 183.

3

On January 13, 2009, Foret mailed to the trial court an application for post-conviction relief.[11]  Foret asserted the following claims:  (1) His plea agreement was breached.  (2) He received ineffective assistance of counsel.[12]  Having not received a ruling from the district court, on June 3, 2009, Foret filed a "Writ to Enforce" in the Louisiana First Circuit.[13]  On July 20, 2009, the Louisiana First Circuit denied Foret's writ application, providing: "We are advised by the Office of the Clerk of Court of Terrebonne Parish that an application for post-conviction relief, allegedly mailed January 14, 2009, is not of record.  Relator should submit the application to the district court clerk's office before seeking relief from this Court."[14]

In accordance with the appellate court's directive, Foret resubmitted his post-conviction application on  September 28, 2009, as evidenced by his request for the mailing of his legal pleading and request for the withdrawal of inmate funds for the mailing of his Application for Post-Conviction Relief.[15]  On November 30, 2009, Foret filed an application for a writ of mandamus in the Louisiana First Circuit, requesting that

---

[11]Foret's mailing in this regard is evidenced by a copy of his January 13, 2009 request for the mailing of his legal pleading and his request for the withdrawal of inmate funds for the purpose of mailing his Application for Post-Conviction Relief. St. Rec. Vol. 2 of 3, pp. 220 and 221, respectively.

[12]St. Rec. Vol. 2 of 3, pp. 231-49, Application for Post-Conviction Relief.

[13]Id. at pp. 222-24.

[14]State v. Foret, No. 2009-KW-1139 (La. App. 1st Cir. 7/20/09).  St. Rec. Vol. 2 of 3, p. 212.

[15]St. Rec. Vol. 2 of 3, pp. 225 and 226, respectively.

the appellate court direct the trial court to rule on his pending post-conviction application.[16]  On February 1, 2010, the Louisiana First Circuit granted Foret's writ application "for the purpose of transferring to the district court for a ruling on relator's application for post-conviction relief."[17] On October 17, 2010, Foret filed in the Louisiana First Circuit a motion to compel, requesting that the appellate court order the district court to rule on his post-conviction application.[18]  On February 22, 2011,  the Louisiana First Circuit, having been advised by the district court clerk that there had been no ruling on Foret's post-conviction application, ordered the district court "to act on relator's application for post-conviction relief on or before March 11, 2011."  The Louisiana First Circuit further ordered the district court "to provide this Court with a copy of the action on or before March 25, 2011."[19]

In the meantime, the district court, on January 24, 2011, ordered Foret to provide written reasons as to why trial counsel's alleged ineffectiveness leading to his guilty plea was not raised on appeal.[20]  On March 3, 2011, Foret filed a reply to the district court's order blaming his appellate counsel for not raising his ineffectiveness claim on appeal.

---

[16]Id. at pp. 216-18.

[17]Id. at p. 214.

[18]St. Rec. Vol. 3 of 3.

[19]State v. Foret, No. 2010-KW-1969 (La. App. 1st  Cir. 2/22/11); St. Rec. Vol. 2 of 3, p. 259.

[20]St. Rec. Vol. 3 of 3.

Foret further stated that ineffectiveness claims are generally asserted in post-conviction proceedings, rather than on direct appeal.[21]   On May 9, 2011, the trial court denied Foret's application for post-conviction relief.[22]   Foret filed a writ application in the Louisiana First Circuit, which the appellate court denied "on the showing made" on August 29, 2011.  The appellate court explained:

> Relator failed to include the state's answer, if any, the transcript of the guilty plea, and any other portions of the district court record that might support the claims raised in the application for postconviction relief. Supplementation of this writ application and/or an application for rehearing will not be considered . . . .  Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling.  In the event relator elects to file a new application with this Court, the application must be filed on or before October 28, 2011.[23]

On September 28, 2011, Foret filed a second post-conviction application in the Louisiana First Circuit Court of Appeal, asserting the same claims he had raised before the district court.[24]   On December 29, 2011, the Louisiana First Circuit denied Foret's

---

[21]St. Rec. Vol. 3 of 3.

[22]St. Rec. Vol. 2 of 3, p. 263, Order on Post-Conviction Relief Application, signed 05/09/11.

[23]State v. Foret, No. 2011-KW-1238 (La. App. 1st Cir. 8/29/11). St. Rec. Vol. 2 of 3, p. 272.

[24]St. Rec. Vol. 3 of 3

writ application without opinion.[25]  On August 22, 2012, the Louisiana Supreme Court likewise denied Foret post-conviction relief.[26]

On January 10, 2013, Foret filed a motion for production of documents in the state district court.[27]  On February 28, 2013, the district court granted Foret's motion, ordering that the documents be provided free of charge within 45 days.[28]  On April 11, 2013, Foret filed a motion for amendment of sentence which the district court denied on May 3, 2013.[29]

II.   FEDERAL HABEAS PETITION

On September 4, 2013, the clerk of this court filed Foret's petition for federal habeas corpus relief in which he asserted the following claims:  (1) "Breached plea bargaining."  (2) "Unconstitutional bill of information and habitual offender's law."  (3) "Invalid or void bill of information."  (4) "Ineffective assistance of counsel."[30]

---

[25]State v. Foret, No. 2011-KW-1754 (La. App. 1st Cir. 12/29/11); St. Rec. Vol. 3 of 3.

[26]State ex rel. Foret v. State, 97 So.3d 371 (2012); St. Rec. Vol. 3 of 3.

[27]St. Rec. Vol. 1 of 3, pp. 215-18.

[28]Id. at p. 214.

[29]Rec. Doc. No. 12, pp. 73-75.

[30]Rec. Doc. No. 1, pp. 5-10.

The State filed a response in opposition to Foret's petition arguing that his petition was not timely filed under federal law.[31]

III.   <u>GENERAL STANDARDS OF REVIEW</u>

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[32] and applies to habeas petitions filed after that date.  <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Foret's petition, which, for reasons discussed below, is deemed filed in this federal court on August 26, 2013.[33]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims asserted by the petitioner were adjudicated

---

[31]Rec. Doc. No. 10.

[32]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

[33]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999), <u>cert</u>. <u>denied</u>, 529 U.S. 1057 (2000); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995). Foret's petition was filed by the clerk of court on September 4, 2013, when pauper status was granted.  Foret dated the signature on the petition August 26, 2013. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing. The fact that his petition was not processed until days later does not alter the application of the federal mailbox rule to his pro se petition. <u>See</u> <u>generally</u> <u>Cousin v. Lensing</u>, 310 F.3d 843, 847 (5th Cir. 2002).

8

on the merits in state court; i.e., the petitioner must have exhausted state court remedies

and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409,

419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State alleges that Foret's petition is not timely filed.  The record supports that

conclusion.

IV.   STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one

year of the date his conviction became final.[34]  Duncan v. Walker, 533 U.S. 167, 179-80

---

[34]The statute of limitations provision of the AEDPA provides for other triggers which do not
apply here:
  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus
  by a person in custody pursuant to the judgment of a State court. The limitation period
  shall run from the latest of--
      A.   the date on which the judgment became final by the conclusion
           of direct review or the expiration of the time for seeking such
           review;
      B.   the date on which the impediment to filing an application created
           by State action in violation of the Constitution or laws of the
           United States is removed, if the applicant was prevented from
           filing by such State actions;
      C.   the date on which the constitutional right asserted was initially
           recognized by the Supreme Court, if the right has been newly
           recognized by the Supreme Court and made retroactively
           applicable to cases on collateral review; or
      D.   the date on which the factual predicate of the claim or claims
           presented could have been discovered through the exercise of
           due diligence.
  (2) The time during which a properly filed application for State post-conviction or other
  collateral review with respect to the pertinent judgment or claim is pending shall not be
  counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

(2001).  Foret's conviction was final on June 26, 2008, when he did not file a writ application in the United States Supreme Court.

Therefore, under a literal application of the statute, Foret had until Friday, June 26, 2009, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Foret has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my

review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in various decisions.  See Holland v. Florida, 130 S. Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to file a timely federal petition and in failing to communicate with the client during a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable

11

tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).  By its plain language, this provision does <u>not</u> create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1.  The Supreme Court has clearly described this provision as a tolling statute.  <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited above have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

12

<u>Flanagan</u>, 154 F.3d at 199 n.1; <u>accord</u> <u>Brisbane v. Beshears</u>, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); <u>Gray v. Waters</u>, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  <u>Pace</u>, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); <u>Williams v. Cain</u>, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting <u>Villegas v. Johnson</u>, 184 F.3d 467, 469 (5th Cir. 1999)); <u>Smith v. Ward</u>, 209 F.3d 383, 384-85 (5th Cir. 2000).   The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings.  <u>Causey v. Cain</u>, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" <u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2002); <u>Williams</u>, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'").

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas

petition.  Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

The one-year AEDPA statute of limitations period began to run in Foret's case on June 27, 2008, the day after his conviction was final. The limitations period ran uninterrupted for 199 days, until January 13, 2009, when Foret filed an application for post-conviction relief in the state trial court.  The limitations period remained tolled until August 22, 2012, when the Louisiana Supreme Court denied Foret's post-conviction writ application.  At that point, with 166 days remaining in the one-year limitations period, Foret's statute of limitations commenced to run again until it expired on Thursday, March 7, 2013.  Foret had no properly filed state post-conviction or other collateral review proceeding pending during that time period.  As such, his federal habeas corpus petition must be dismissed as time-barred.

I recognize that before the statute of limitations expired, on January 10, 2013, Foret filed a motion to produce documents in the state trial court, which the court granted on February 28, 2013.  However, the relevant case law is clear that ministerial actions, such as motions to produce state court records, transcripts or other materials, that seek no substantive relief as to conviction or sentence, are <u>not</u> properly filed state court habeas or post-conviction proceedings that toll the AEDPA one-year statute of limitations under 28 U.S.C. § 2244(d)(2).  <u>See</u> <u>Osborne v. Boone</u>, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for copies is not "other collateral review" for tolling purposes); <u>Brown v. Cain</u>, 112 F. Supp.2d 585, 587 (E.D. La. 2000), <u>aff'd</u>, 239 F.3d 365 (5th Cir. 2000); <u>Gerrets v. Futrell</u>, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); <u>Jones v. Johnson</u>, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts or other materials); <u>Grayson v. Grayson</u>, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

Thus, when Foret filed his final motion to amend his sentence in the state trial court on April 11, 2013, which that court denied on May 3, 2013, the AEDPA one-year limitations period had already expired.  He then delayed an additional three (3) months before submitting his federal habeas petition to this court.

15

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that the petition of Elrick Paul Foret, Sr., for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[35]

New Orleans, Louisiana, this _____7th_____ day of March, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[35]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

16