**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| ELRICK PAUL FORET, SR. | CIVIL ACTION |
| VERSUS | NO. 13-5690 |
| N. BURL CAIN, WARDEN | SECTION "B"(2) |

**ORDER AND REASONS**

Nature of Petition and Relief Sought:

Before this Court is Elrick Paul Foret's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State filed a response in opposition, arguing the petition was not timely filed under federal law. The petition was referred to Judge Wilkinson, who recommended that the petition be dismissed with prejudice as time-barred.[1]

For the reasons enumerated below, **IT IS ORDERED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.[2]

Causes of Action and Facts of Case:

On August 26, 2013 Foret filed a petition for a writ of habeas corpus with this Court. Foret's petition arises from charges dating back to July 22, 2003, when he was

---

[1] The Magistrate held a federal evidentiary hearing was unnecessary under 28 U.S.C. § 2254(e)(2) because hearings are only necessary when the petitioner has shown the claim relies on a new, retroactive rule of constitutional law that was previously unavailable; or, the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(ii).
[2] We are grateful for the work on the case by Jules Lutaba, a UC Irvine Law School Extern with our Chambers.

1

charged with molestation of a juvenile in violation of La. Rev. Stat. § 14:81.2; sexual battery in violation of La. Rev. Stat. § 14:43.1; and simple rape in violation of La. Rev. Stat. § 14:43A(2).[3] On June 21, 2005, Foret pleaded guilty sexual battery and was sentenced to nine years in prison.[4] On February 1, 2006, Foret was adjudicated a fourth felony offender and sentenced to life in prison.[5] Foret contested this adjudicated felony on direct appeal to the Louisiana Circuit Court of Appeal, who affirmed Foret's conviction, habitual offender adjudication, and sentence.[6]

Foret exhausted all state remedies on March 28, 2008 when the Louisiana Supreme Court denied Foret's writ application without opinion.[7] Foret's conviction became final ninety days later, on June 26, 2008 when he did not file a writ application with the United State's Supreme Court.[8] Foret filed for post-conviction relief on January 19, 2009, which ultimately concluded on August 22, 2012

---

[3] Rec. Doc. No. 13, p. 2 (citing St. Rec. Vol. 1 of 3, p. 2).
[4] Id. at p.2 (citing St. Rec. Vol. 1 of 3, pp. 195-212).
[5] Id. at p.2 (citing St. Rec. Vol. 2 of 3, pp. 45-52).
[6] Id. at p.3 (citing St. Rec. Vol. 2 of 3, pp. 177-81).
[7] Id. at p.3 (citing State ex rel. Foret v. State, 978 So.2d 300 (La. 2008); St. Rec. Vol. 2 of 3, p. 183).
[8] Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (explaining a state conviction becomes final for the purposes of § 2244(d)(1)(A) by the conclusion of direct review or the expiration of the time for seeking such review, which includes a petition for writ of certiorari to the Supreme Court); Flanagan v. Johnson, 154 F.3d 196, 200-01 (5th Cir. 1998); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

2

when the Louisiana Supreme Court denied Foret's writ.[9] Foret filed a petition for federal habeas on August 26, 2013, asserting eight claims.[10] The State filed a response, arguing the federal petition was untimely.

Foret's initial federal petition asserted eight claims essentially alleging: ineffective assistance of counsel, the constitutionality of his adjudicated sentence, and "procedural default" on the part of the State.[11]

Foret's objections to the Magistrate Judge's recommendation argue his federal habeas petition was timely filed pursuant to the AEDPA's two exceptions that (1) the State created an extraordinary circumstance that prevented his timely filing, and (2) his state post-conviction proceedings were still pending and thus should be tolled for the purpose of federal habeas filing deadlines.

Defendant Cain did not file objections to the Magistrate's Report and Recommendations.

Law and Analysis:

**I. Standard of Review**

A district court reviewing a magistrate judge's report and recommendations may accept all sections of the report not objected to by either party, as long as those sections

---

[9] State ex rel. Foret v. State, 97 So.3d 371 (2012); St. Rec. Vol. 2 of 3, pp. 220-21; St. Rec. Vol 3 of 3.
[10] Rec. Doc. No. 13, p.2 (citing Rec. Doc. No. 1, pp. 5-10).
[11] Rec. Doc. No. 14 at p. 10.

3

are not clearly erroneous.[12] If objections are filed then the Court undertakes an independent review of the facts and considers the matter de novo.[13] Here, Foret timely filed objections to the Magistrate's Report and Recommendations. Foret argues his federal habeas petition is timely because two AEDPA statute of limitations exceptions apply and extend his filing deadline. After conducting its de novo review, the Court concurs with the Magistrate's Report that Foret's federal habeas petition is untimely and no reasonable interpretation of the AEDPA's exceptions would render his petition timely.

II. AEDPA Time Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a petitioner has one year to apply for federal habeas corpus relief from "the latest of -- (A) the date on which the judgment became final by the conclusion of direct review or expiration of the time for seeking such."[14] Here, Foret's judgment became final on June 26, 2008, ninety days after the Louisiana Supreme Court denied his direct appeal and time for filing a writ to the United

---

[12] Fed. R. Civ. P. 72(b); Gilkers v. Cain, 2006 WL 1986969 (E.D. La. May 30, 2006).
[13] Fed. R. Civ. P. 72(b).
[14] 28 U.S.C. § 2244(d)(1)(A); Duncan v. Walker, 533 U.S. 167, 179-80; Flanagan, 154 F.3d at 199 n.1.

4

States Supreme Court expired.[15] Foret had one year to file for federal habeas relief from June 26, 2008.

The AEDPA's one-year statute of limitations period has two tolling exceptions that may extend a petitioner's federal habeas deadline. First, the deadline may be equitably tolled if the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.[16] Second, pending state post-conviction or other collateral review proceedings are tolled for federal habeas petition deadlines.[17] Meaning, pending state post-conviction proceedings are not counted toward a petitioner's one-year federal limitation period.

### III. Magistrate's Report and Recommendation

The Magistrate found that Foret's federal habeas clock began to run on June 26, 2008. Foret filed for state post-conviction relief 199 days later. The filing time was tolled from January 19, 2009, the date of Foret's first application for state post-conviction relief, until August 22, 2012, when the Louisiana Supreme Court denied his writ for state post-conviction relief. According to the Magistrate Judge's analysis, on August 22, 2012, Foret had 166 days remaining to file federal habeas relief, as 199

---

[15] Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (citing 28 U.S.C. § 2244(d)(1)(A)).
[16] Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).
[17] 28 U.S.C. § 2244(d)(2).

days had expired between June 26, 2008 and January 13, 2009. Foret filed for federal habeas corpus relief on August 26, 2013, 369 days after August 22, 2012, making the petition untimely.

Foret's application before the Magistrate Judge did not assert any condition that may constitute rare or exceptional circumstances for the delay. The Magistrate on his own review of the record found no exceptional circumstances that would permit equitable tolling.[18] Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.[19]

**IV. Review of Magistrate's Report and Recommendations**

After de novo review, the Court agrees with the Magistrate Judge's recommendation. Foret's federal petition can only be made timely by two AEDPA tolling exceptions: first, "equitable tolling," which would require an extraordinary circumstance; and second, "interruptive tolling," which would require a pending state post-conviction proceeding. Foret's claim should be dismissed as time-barred because his petition is untimely even when

---

[18] See, e.g., Holland v. Florida, 560 U.S. 631, 669-72 (2010); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009).
[19] Pace, 544 U.S. at 418-19.

considering both tolling exceptions in the light most favorable to him.

First, Foret's claims to extraordinary exceptions do not constitute valid reasons for tolling. Foret does not meet any of the exceptional circumstances illustrated by the Fifth Circuit.[20] Foret's contention that he did not receive prompt documentation receipt from the state is a "garden variety claim of excusable neglect" that does not support equitable tolling.[21] Not having proper documentation is not an exceptional circumstance, and does not toll the AEDPA statute of limitations.[22]

Second, Foret's petition is untimely even when considering interruptive tolling. The AEDPA statute of limitations is only tolled for post-conviction proceedings. A state post-conviction proceeding is "pending" for AEDPA tolling purposes on the day it is filed through the day it is resolved.[23] Requests for documentation are considered ministerial proceedings, requests for documentation are not considered state post-conviction proceedings and do not

---

[20] See, e.g., Hardy, 577 F.3d at 599-600; Cantu-Tzin v. Johnson, 162 F.3d 296, 300 (5th Cir. 1998).
[21] See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).
[22] See Krause v. Thaler, 637 F.3d 558, 561 (5th Cir. 2011).
[23] Windland v. Quarterman, 578 F.3d 314, 317 (5th Cir. 2009).

toll the statute of limitations.[24] Foret argues his statute of limitations should extend to his last request for documentation, which was denied on May 3, 2013. However, Foret's request for documentation is a ministerial proceeding rather than a state post-conviction proceeding, and document requests do not extend the AEDPA deadline. Foret's state post-conviction proceedings were final on August 22, 2012, and his state post-conviction tolling period ended on this date.

In sum, Foret's post-conviction proceedings ended August 22, 2012. Counting the time exhausted before Foret filed his state post-conviction relief petition, Foret had 166 days remaining after his state post-conviction proceedings ended.[25] Foret's petition was not filed until August 26, 2013, over 166 days later, and is therefore untimely.

Even accepting an argument that Foret's federal habeas clock should begin to run from the conclusion of Foret's state post-conviction proceedings, the filing is still untimely. Foret's state post-conviction proceedings ended August 22, 2012, and his federal petition was not filed until August 26, 2013—more than 365 days later.

---

[24] See Brown v. Cain, 112 F.Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999).
[25] See 28 U.S.C. §2244(d)(1)(A); Duncan, 533 U.S. at 179-80.

8

Accordingly, **IT IS ORDERED** that Foret's petition for writ of habeas corpus be **DISMISSED WITH PREJUDICE** as time-barred.

New Orleans, Louisiana, this 11th day of June, 2014.

_____
UNITED STATES DISTRICT JUDGE